139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Clarence B. JACKSON, Debtor-Appellant.
 No. 95-2413.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 13, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 94-CV-2119.
 Before BAUER, COFFEY, and MANION, Circuit Judges.
 ORDER
 BAKER, J.
 
 
 1
 Debtor Clarence Jackson filed his sixth bankruptcy proceeding on March 4, 1994. After the bankruptcy court dismissed it, Jackson appealed the dismissal to the district court. That court upheld the dismissal and, noting that Jackson "is no novice when it comes to dealing with creditors or adversaries," ordered Jackson to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11 for bringing a frivolous appeal. After hearing an oral statement from Jackson on this issue, the court imposed sanctions in the amount of $7,505, representing the attorneys' fees incurred by the other parties in defending Jackson's appeal. Jackson now appeals the order imposing the sanctions.[1] We affirm.
 
 
 2
 We review the district court's imposition of sanctions for abuse of discretion. In re Generes, 69 F.3d 821, 827 (7th Cir.1995). A district court abuses its discretion in issuing such sanctions when its ruling is based on an erroneous view of the law or clearly erroneous assessment of the evidence; when the court does not properly notify the offender that it is considering sanctions; or when it fails to explain the basis for its imposition of sanctions. Doe v. Maywood Hous. Auth., 71 F.3d 1294, 1299 (7th Cir.1995).
 
 
 3
 Jackson first argues that the district court had no power under Rule 11 to issue sanctions against him in this case because the case involves bankruptcy, and the Federal Rules of Civil Procedure do not apply to bankruptcy cases. One of this court's previous opinions suggests that the Federal Rules of Civil Procedure may be applicable in bankruptcy cases proceeding before the district court. See In re Generes, 69 F.3d 821, 826-27 (7th Cir.1995) (discussing Rule 11 sanctions in bankruptcy case before the district court). However, Generes focused primarily on the appropriateness of sanctions in that case and did not directly address whether the Federal Rules of Civil Procedure apply.
 
 
 4
 The Federal Rules of Civil Procedure "do not apply to proceedings in bankruptcy" unless specifically incorporated by the Federal Rules of Bankruptcy Procedure. Fed.R.Civ.P. 81(a)(1). "Proceedings in bankruptcy" means all proceedings filed under title 11, the Bankruptcy Code. See Fed.R.Bankr.P. 1001 ("The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code."). Thus, Jackson is correct that actions sounding in bankruptcy, even those on appeal before a district court, are governed by the Bankruptcy Rules rather than the Civil Rules. See In re Roete, 936 F.2d 963, 967 (7th Cir.1991) (Bankruptcy Rule 9011 applies in bankruptcy proceedings before a district court). The logic of this principle is supported by the fact that bankruptcy courts are units of the district court, 28 U.S.C. § 151, and thus the same procedural rules apply to bankruptcy proceedings before both the bankruptcy court and the district court. Sanctions in a bankruptcy proceeding are governed by Bankruptcy Rule 9011, not Civil Rule 11. However, as Civil Rule 11 and Bankruptcy Rule 9011 utilize the same standard,[2] the district court's citation to the incorrect rule was harmless error.
 
 
 5
 Jackson next protests that the district court should have imposed non-monetary sanctions, arguing that these are favored over monetary sanctions. However, the sole case he cites for this proposition, Badillo v. Central Steel & Wire Co., 717 F.2d 1160 (7th Cir.1983), does not support his point; rather, it holds that attorneys' fees may be an appropriate sanction under Rule 11 without addressing non-monetary sanctions at all. Id. at 1166-67. Jackson also argues that the district court should have considered his inability to pay a monetary sanction before imposing his opponents' costs of appeal on him, but he waived this argument by failing to present it to the district court. Brandt v. Schal Assocs., Inc., 960 F.2d 640, 652 (7th Cir.1992).
 
 
 6
 Finally, Jackson contends that the district abused its discretion in finding that his claims were neither warranted by existing law nor well grounded in fact. Jackson's arguments on appeal, a brief two-page rehash of his arguments to the courts below, are not persuasive. Accordingly, the district court's imposition of sanctions in the amount of $7,505 is AFFIRMED.[3]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We have already affirmed the dismissal of the underlying case. In re Jackson, No. 94-3197 (7th Cir. Aug.2, 1995) (unpublished)
 
 
 [2]
 Compare Fed.R.Civ.P. 11 (permitting sanctions to be imposed upon parties who file pleadings designed "to harass" or not "warranted by existing law") with Fed.R.Bankr.P. 9011 (permitting sanctions under the same circumstances and using identical language)
 
 
 [3]
 Appellee United States requested that we order all of the clerks of the various courts of this circuit to return unfiled all future filings by Jackson until he has paid the sanctions imposed on him to date, under Support Sys. Int'l, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995). That case notes, however, that a Mack order may not be appropriate when the offender is indigent. Id. at 187. Because the record suggests that Jackson may be indigent, and because Jackson has ceased his repeat filings in bankruptcy court, we decline to issue a Mack order against him at this time