**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018[*]
Decided March 12, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2462

| | |
|---|---|
| IN RE: CHRISTOPHER C. FREUND<br>    *Debtor*. | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| EDWARD O. ALLEN,<br>    *Creditor-Appellant*, | No. 16-CV-1222-JPS |
| *v.* | J.P. Stadtmueller,<br>*Judge*. |
| CHRISTOPHER C. FREUND,<br>    *Debtor-Appellee*. | |

**O R D E R**

Edward Allen filed an adversary proceeding in Christopher Freund's bankruptcy, seeking a determination that Freund owed him a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A) based on Freund's alleged fraud in foreclosing on his

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

property. After a trial, the bankruptcy court entered judgment for Freund, concluding that he had no fraudulent intent and had not induced Allen to rely on any false representations. Allen appealed to the district court, which affirmed. He now appeals to this court, arguing that the bankruptcy court reached the wrong conclusions from the evidence. We see no clear error in the bankruptcy judge's findings, so we affirm.

This case arises out of a failed real-estate transaction. Allen offered to sell a building to Freund, who expressed interest in buying it but was able eventually to obtain it at a much lower sum through foreclosure. Allen previously had racked up more than $250,000 in debts related to the property—a primary mortgage held by M&I Bank, a judgment lien held by Chase Bank, and a debt to the City of Milwaukee for back property taxes. He listed the property for sale, and Freund wrote him to express interest in buying it. Allen showed Freund the property and told him that he wanted the proceeds of the building's sale to cover his three outstanding debts. Freund said that the building would be suitable for his needs, but he asked Allen if "the bank" might be persuaded to "take less" for the property than what he owed, presumably through a short sale. Allen said he thought it might, and he gave Freund contact information for a lender at M&I Bank, the primary mortgage holder. Freund met with the lender and asked if the bank would "take less" for the mortgage, but the bank declined.

At that point Freund took steps to obtain the property at a sum far below the $250,000 Allen hoped to recoup. Through his company, J Crawford Investment LLC, he bought the mortgage note from M&I for $10,500. Since Allen was delinquent on the mortgage, J Crawford then foreclosed on it. At a sheriff's sale, J Crawford purchased the property back for the value of Allen's outstanding debt to J Crawford, approximately $116,000. A few months later J Crawford transferred the property to Freund, enabling him to obtain the property clear of the M&I mortgage; Allen received nothing.

Two years after the sheriff's sale, Freund filed for Chapter 13 bankruptcy.

A few months later, Allen filed an adversary complaint, alleging that Freund owed him the value of the failed sale, and that the debt should not be discharged in Freund's bankruptcy. See 11 U.S.C. § 523(a)(2)(A). He contended that Freund's decision to buy the mortgage note instead of purchasing the property from him outright was fraudulent. According to Allen, when Freund expressed interest in the property and proposed seeking a short sale from the bank, Freund fraudulently induced him to give him the mortgage lender's information, leading to the foreclosure.

The bankruptcy court held a bench trial to determine whether Freund was liable for false pretenses, false representations, or fraud under 11 U.S.C. § 523(a)(2)(A), and ultimately ruled in Freund's favor. The bankruptcy judge concluded that Freund made no representations that he would buy Allen's property or that he would try to reach a deal with M&I on Allen's behalf. Further, the judge found, Freund had never intended to deceive Allen about buying the property from him: Freund initially was interested in buying the building, and merely changed his mind when M&I offered to sell him the note. Finally, the judge found, since Allen had testified to knowing that real-estate contracts could not be made orally in Wisconsin, he could not justifiably have relied on any oral agreement with Freund, either to sell the property or to seek a short sale.

Allen appealed to the district court, which affirmed for largely the same reasons stated by the bankruptcy court.

On appeal to this court, Allen contends that the bankruptcy judge erroneously concluded that Freund made no false pretenses or representations, and committed no fraud. He asks us to reweigh the facts and reach different conclusions from the bankruptcy judge. But we do not find facts on our own or reweigh the evidence presented to the bankruptcy judge, *In re Generes*, 69 F.3d 821, 825 (7th Cir. 1995); see *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1070 (7th Cir. 2013), and we conclude that the bankruptcy judge here committed no clear error. Allen points to no evidence other than his own unsubstantiated assertions that Freund harbored any intent to defraud him. "Scienter, or intent to deceive," is a "required element under § 523(a)(2)(A) whether the claim is for a false representation, false pretenses, or actual fraud." *In re Yotis*, 548 B.R. 485, 495 (Bankr. N.D. Ill. 2016); see *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011); *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000). The bankruptcy judge credited Freund's testimony that he at one time was genuinely interested in buying the property, and that circumstances altered his plans. Allen now identifies facts that he regards as "circumstantial evidence" of Freund's fraudulent intent (*i.e.*, Freund's lack of interest in speaking with the secondary lienholder, his purchase of the note for less than the debt was worth, and his delay in talking to Allen after speaking to M&I). We do not see how these facts are relevant, let alone how the bankruptcy judge could have clearly erred by crediting Freund's version of events over Allen's. See *In re Generes*, 69 F.3d at 825.

Finally Allen raises an evidentiary challenge, contending that the bankruptcy judge wrongly prevented him from introducing photos of the property at the trial—photos that, he says, could have impeached Freund's testimony about the

condition of the property not being as good as Allen believed. But the condition of the property was not relevant (the photos were taken after the events at issue in the trial), and in any event Freund did *not* testify about these issues. The bankruptcy judge acted well within his discretion by determining that any such impeachment was not necessary and that the photos were irrelevant for any other purpose.

Allen's remaining contentions lack merit and we will not discuss them further.

The judgment of the district court upholding the bankruptcy judge's decision is therefore AFFIRMED.