Paul Gilis, also known as Powel Gilis, Defendant in Error, v. H. Krulewich, Plaintiff in Error.

Gen. No. 21,193.     (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

### Statement of the Case.

Action by Paul Gilis, also known as Powel Gilis, plaintiff, against H. Krulewich, defendant, in the Superior Court of Cook county, to recover money alleged to have been deposited by plaintiff in defendant's savings bank. It was not disputed that a man named *Powel* Gilis made deposits and is entitled to withdraw the same, and the question was as to his identity with plaintiff. To reverse a judgment for plaintiff for $237, defendant prosecutes this writ of error.

Plaintiff has possession of the bank book issued to Powel Gilis, and testified that he received it when he opened his account with defendant; that he made the deposits and received the withdrawals entered in the book; that the signature on the identification card was made by him. Other witnesses testified that plaintiff is the man to whom this book was issued and who had an account with defendant. Defendant introduced testimony tending to show that the signature of plaintiff was not made by the man who signed the identification card when the account was opened.

M. A. MILKEWITCH, for plaintiff in error.

E. P. BRADCHULIS, for defendant in error; ANTHONY J. SCHMIDT, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. Banks and banking, § 200*—*when evidence sufficient to show identity of depositor.* In an action to recover savings bank deposits made by a man named *Powel* G., where plaintiff's name was *Paul* G. and where plaintiff's identity with such depositor was disputed, evidence, including disputed signatures, examined and *held* sufficient to prove that plaintiff was the person who made the deposits in question.

2. Trial, § 285*—*when case not argued on trial by court.* A court trying a case without a jury is not required to listen to arguments of counsel.

3. Costs, § 67*—*when statutory damages not allowed.* On an appeal in an action to recover savings bank deposits made by plaintiff, *held* that plaintiff could not recover statutory damages.