(No. 37673.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VITO ZACCAGNINI, Plaintiff in Error.

*Opinion filed November 26, 1963.*

FRANK W. OLIVER, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford,

(FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN W. NIELSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

An indictment was returned against defendant, Vito Zaccagnini, in the circuit court of Winnebago County charging him with possessing, uttering and attempting to utter a forged check. A jury found him guilty on the counts charging possessing and uttering and the court sentenced him to confinement in the penitentiary for a term of 3 to 7 years. A writ of error has been issued to review the conviction.

We agree with defendant's contention that the trial court's conduct deprived him of a fair trial. A reading of the record leaves no doubt that the trial judge harbored feelings of hostility and prejudice against defendant and his counsel. We will not, except for two examples which occurred before the jury, detail the number of occasions during which these feelings were exhibited both within and outside the presence of the jury.

After one of the People's witnesses had failed to identify defendant, the trial judge pointed a finger at defendant and said to the witness, "I am asking you directly, is this man over here one of the men who was in your shop?" The witness answered "Yes." Defendant's counsel immediately moved for a mistrial which was denied.

After the only witness for the defense had testified that he found some credit cards on a corner in Chicago, the judge stated, "Now let us not play marbles. You know where you found [them] or you don't know, and don't lie." The witness said he was not lying and that he had made the same statement to the Federal Bureau of Investigation, to which the judge replied, "I don't care what statement you made to the F.B.I., we are going to get the truth here." He then asked the witness if he understood the sanctity of an oath and what perjury is.

Such conduct by a trial judge is prejudicial error. (See *People* v. *Lewerenz,* 24 Ill.2d 295; *People* v. *Santucci,* 24 Ill.2d 93; *People* v. *Finn,* 17 Ill.2d 615; *People* v. *Thomas,* 15 Ill.2d 344; *People* v. *Riggins,* 8 Ill.2d 78; *People* v. *Coli,* 2 Ill.2d 186.) The judgment of the circuit court of Winnebago County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*