2026 IL App (1st) 252575-U

FIRST DIVISION
June 29, 2026

No. 1-25-2575

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| 1205 MILWAUKEE LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CH 6317 |
| | ) | |
| TONY COLE, | ) | Honorable |
| | ) | Alison C. Conlon, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1     *Held*: We affirm the judgment of the circuit court of Cook County granting plaintiff's motion for summary judgment on the complaint to quiet title; defendant failed to present a genuine issue of material fact that would preclude summary judgment and plaintiff's evidence was sufficient to establish its entitlement to judgment as a matter of law; defendant's counterclaims were properly dismissed as they did not present viable legal claims against plaintiff.

¶ 2     Plaintiff, 1205 Milwaukee LLC, filed a commercial eviction complaint against defendant, Tony Cole, seeking possession of the first floor and basement of the building located at 1205 Milwaukee, Chicago, IL (the property). In a separate case, plaintiff also filed a residential eviction complaint against defendant seeking possession of the second floor of the same property. The trial court entered an eviction order in favor of plaintiff in the commercial eviction, which this court affirmed on direct appeal. *1205 Milwaukee, LLC v. Cole*, 2025 Ill App (1st)

241467-U (*Cole I*). The trial court also entered an eviction order in favor of plaintiff in the residential eviction, which this court affirmed on direct appeal. *1205 Milwaukee, LLC v. Cole*, 2025 IL App (1st) 241434-U (*Cole II*). On July 8, 2024, plaintiff filed a complaint for slander of title (count I), and to quiet title (count II) to the property. Defendant filed an answer, affirmative defenses, and counterclaims.

¶ 3     On October 14, 2025, the trial court granted plaintiff's motion for summary judgment on the complaint to quiet title in count II, denied defendant's motion for summary judgment on plaintiff's complaint, and dismissed defendant's counterclaims with prejudice. Plaintiff voluntarily dismissed count I of the complaint.

¶ 4     For the following reasons, we affirm.

¶ 5                                I. BACKGROUND

¶ 6     This case began with the former occupancy by defendant, Tony Cole, of the building now owned by plaintiff, 1205 Milwaukee, LLC, located at 1205 N. Milwaukee Avenue in Chicago (the property). Cole resided on the second floor of that building with its former owner, Jin Hwi Lee, and Cole operated a bicycle rental business out of the first floor and basement. In December 2023 Lee, who is not a party to this case, transferred the building to plaintiff by warranty deed. Thereafter, plaintiff initiated two separate eviction proceedings. On February 16, 2024, plaintiff filed a Verified Commercial Eviction Complaint from the first floor and basement against defendant and his business and, separately, a Verified Eviction Complaint against defendants, Tony Cole, Jin Lee, and Unknown Occupants of 1205 N. Milwaukee Ave., Floor 2. (Defendant Cole was the only party to appeals arising from the occupancy of the property; therefore, we will refer to Cole singularly as defendant.)

¶ 7 In both cases the circuit court of Cook County entered judgments of eviction against defendant; each case reached this court; and this court affirmed both judgments of eviction. We affirmed the commercial eviction in appeal number 1-24-1467 (*Cole I*) and we affirmed the residential eviction in a consolidated appeal under appeal number 1-24-1434 (*Cole II*). Defendant has continued to litigate his former occupancy of the property, both in the original two eviction cases and in multiple separate cases in different courts. On July 8, 2024, plaintiff filed a two-count complaint in the circuit court of Cook County for slander of title (count I) and to quiet title (count II) to the property.

¶ 8 Plaintiff's complaint alleged in count I that it owned the property subject to a warranty deed attached to the complaint and that the "action arises out of Defendant's filings in multiple pending cases" including the commercial and residential eviction cases mentioned above, a separate breach of contract action, and a *lis pendens* notice[1] against the property. Plaintiff alleged that defendant "has made one or more filings into these cases that involve statements that impugn and cloud Plaintiff's title to the Property." Plaintiff's complaint in count I for slander of title alleged that the aforementioned statements were false because "Defendant holds no interest in the Subject Property" including by virtue of defendant's breach of contract complaint; and defendant knew the statements to be false when filed because defendant "had actual and constructive knowledge of Plaintiff's ownership of the property due to the Warranty Deed." Plaintiff alleged that defendant acted with malice because defendant's "primary motive *** was to injure the plaintiff" or, alternatively, defendant "should have known that the false Statements

---

[1] A "*lis pendens* notice is *** a recorded notice that there exists a proceeding that may affect good title to the property and, if conveyed, the grantee may be adversely affected by that proceeding." *Chicago Title Insurance v. Aurora Loan Services, LLC*, 2013 IL App (1st) 123510, ¶ 24.

would likely result in harm to Plaintiff's interests in the Property;" thus, plaintiff is entitled to punitive damages. Count II asked for a judgment declaring that plaintiff owns the property free and clear of "the purported claims and interests of defendant" and that defendant be instructed to record a release of the *lis pendens* notice.

¶ 9 Defendant filed his answer and affirmative defenses to plaintiff's complaint, and defendant filed counterclaims. Defendant's counterclaims stated that "[o]n December 12, 2023, Jin Lee transferred the Property into 1205 Milwaukee LLC *** while Defendant's breach of contract action against Jin Lee *** was pending." Defendant stated a "timeline of events" which, defendant alleged, suggested "that the transfer was fraudulent and designed to hinder Defendant's legal and financial interests." Defendant's counterclaim purported to state claims for fraudulent transfer, slander of title based on defendant's "equitable interest under the oral purchase agreement and lease," breach of contract based on an oral agreement to purchase the property from Lee, abuse of process based on plaintiff's eviction and quiet title proceedings, a declaratory judgment, and for violation of the *lis pendens* statute.

¶ 10 Defendant filed a motion for summary judgment on plaintiff's claims. Plaintiff subsequently filed a motion for summary judgment on both counts of plaintiff's complaint. Plaintiff's motion stated that defendant's breach of contract complaint against the former owner of the property, Lee, "is the case upon which [defendant] bases his improperly and illegally filed *lis pendens* that is the subject of the instant matter." Plaintiff's motion stated that it purchased the property for $500,000.00 from Lee on December 12, 2023, as evidenced by a Warranty Deed and settlement statement attached to the motion, plaintiff notified defendant of the sale by various means, and despite knowledge of the sale defendant recorded the *lis pendens* "nearly five (5) months after the Purchase Date." The motion stated that defendant "had no pending claims

against Plaintiff, [defendant] was not a creditor of Plaintiff, and [defendant] has no legal interests in the Property, other than as a tenant." Plaintiff's motion stated that defendant did lease the residential unit from Lee but the lease does not include any elements "commonly included in purchase and sale agreements."

¶ 11 On October 14, 2025, the trial court entered a written order on the parties' motions for summary judgment. The trial court's written order stated that the "Undisputed Facts" include (but are not limited to):

1. Defendant attached a copy of an agreement between himself and Lee concerning "Unit 2" of the property "which is a second-floor apartment."

2. "Defendant characterizes the Agreement as a 'lease-to-purchase' contract."

3. Defendant's "characterization is not consistent with the plain and unambiguous language of the Agreement."

4. "None of the plain language [of the agreement] supports even an inference of an intent to purchase."

5. "Conversely, the existing language is, as a matter of law, common in and exclusive to the world of rentals."

6. On December 12, 2023, Jin Lee executed a Warranty Deed transferring the Property to [plaintiff]."

7. The Warranty Deed identifies consideration of $10, which [defendant] believes is an indicator of fraud ***."

8. "[T]his ignores the Settlement Statement attached to Plaintiff's papers which shows a purchase price of $500,000."

9.     "On or about December 21, 2023, Plaintiff notified Defendant of the sale of the Property via certified mail, a posting at the Property, delivery into the apartment mail slot, and email."

10.     "On February 16, 2024, Plaintiff filed two eviction actions against Defendant, one for the commercial unit and one for the residential unit."

11.     "While the eviction actions were pending, on April 2, 2024, Defendant caused a *lis pendens* to be recorded against the Property."

12.     "The *lis pendens* cites a civil case Defendant filed against Jin Lee captioned as Tony Cole v. Jin Lee, 2024 L 011428 [(the breach of contract case)]."

¶ 12     The trial court found that defendant "fail[ed] to create a genuine issue of material fact as to whether the Agreement can be interpreted as a lease-to-purchase agreement. It cannot." The court also found that defendant did not "adduce counterevidence sufficient to create a dispute as to the purchase price ***." The court found there was no evidence sufficient to create a genuine issue of material fact as to plaintiff's possession of the property (as evidenced by the executed evictions), or as to plaintiff's title to the property (as evidenced by the warranty deed, the settlement statement, and defendant's failure to "adduce competent evidence that he has an ownership interest in the Property that would affect the validity of the sale to Plaintiff"). The trial court found that defendant's argument that the conveyance was fraudulent, either fraud in fact or fraud in law, was insufficient to defeat summary judgment because there was "not record evidence to support that [defendant] was the creditor and Jin Lee was the debtor; in fact, the Agreement indicates the opposite." The court also found that the evidence was not sufficient to create a genuine issue of material fact as to whether the purchase price was sufficient consideration.

¶ 13    The trial court found that plaintiff met its burden of showing no genuine issue of material fact and that summary judgment should be entered in its favor as a matter of law on plaintiff's claim to quiet title. However, the trial court found that plaintiff failed to meet its burden on its claim for slander of title and denied plaintiff's motion for summary judgment on that claim. The court granted plaintiff's motion for summary judgment in part and denied defendant's motion for summary judgment on plaintiff's complaint.

¶ 14    The trial court construed defendant's motion to have sought summary judgment on defendant's counterclaims for fraudulent transfer, breach of contract, abuse of process, declaratory judgment, and violation of the *lis pendens* statute. The trial court also found that:

    (1) defendant failed to meet his burden on his claim for fraudulent transfer by failing to adduce evidence that defendant was a creditor or that Jin Lee was a debtor, and defendant "will never be able to allege a cognizable legal claim or defense based on fraudulent inducement;"

    (2) defendant cannot recover based on his claim of an oral lease-to-purchase agreement entered contemporaneously with the written (lease) agreement because the written agreement is unambiguous and defendant's "insinuation *** of a contemporaneous oral lease-to-purchase agreement *** would 'vary or contradict' the written Agreement;"

    (3) defendant failed to meet his burden of establishing the elements of a claim of abuse of process based on (i) plaintiff's filing of documents in federal proceedings, (ii) the appearance of plaintiff's former attorney who defendant had sued in federal court, or (iii) defendant's claim that plaintiff engaged in "self-help evictions" which the court found to be unfounded;

    (4) defendant's claim for a declaratory judgment based on his interest in the property fails as a matter of law; and

(5) defendant's claim that plaintiff violated the *lis pendens* statute fails as a matter of law "given the Court's ruling in favor of Plaintiff on its quiet title claim."

The trial court dismissed each of defendant's counterclaims with prejudice.

¶ 15    On October 15, 2025, defendant filed a "Verified Emergency Motion to Reconsider and Vacate In Part the October 14, 2025 Order; for Clarification Under Illinois Supreme Court Rule 304(a); and for Restoration of Counterclaims" (hereinafter "Motion to Reconsider").

¶ 16    On October 30, 2025, Attorney Michael Persoon filed a signed appearance on behalf of plaintiff. Persoon attached a notice of filing and certificate of service stating that the appearance and notice were served on defendant via the e-filing system and by email.

¶ 17    On November 14, 2025, plaintiff, by its attorney Michael Persoon, filed a motion pursuant to section 2-1009(a) of the Code (735 ILCS 5/2-1009(a) (West 2024)) to voluntary dismiss plaintiff's remaining claim for slander of title.

¶ 18    On November 18, 2025, defendant filed a pleading titled "Defendant Tony Cole's Verified Emergency Motion to Strike Plaintiff's Voluntary Dismissal as Void." Also on November 18, 2025, defendant filed a pleading titled "Notice of Motion" stating that defendant would appear and present an "Emergency Request for Immediate Presentment and Rulings On All Pending Motions, Including Voidness Motions Under 735 ILCS 5/2-1401, Rule 13(c), Standing, Fraud, and Judicial Relief." Defendant filed a separate notice of filing stating that on November 18th defendant filed fourteen separate pleadings.

¶ 19    On November 18, 2025, the trial court entered a written order on defendant's Motion to Reconsider. The trial court found that defendant's argument that plaintiff was not entitled to summary judgment for failing to include an affidavit pursuant to Illinois Supreme Court Rule 191(a) was based on defendant's misunderstanding and misquoting the rule. The court rejected

defendant's reliance on Lee's answers to defendant's requests to admit. The court found that Lee's admission that certain payments by Cole were made " 'as part of the Lease to Purchase Agreement,' was a legal conclusion that cannot properly be admitted or denied in an answer to a request to admit." The court rejected defendant's argument that the fact the court previously denied a motion to dismiss defendant's counterclaims precluded the court from dismissing defendant's counterclaims. The court found that, "now that the record has been developed" and the court has interpreted the plain and unambiguous language of the agreement between defendant and Lee, defendant's counterclaims cannot stand. The court also found that defendant did not met his burden of showing why plaintiff's counsel should be disqualified. The trial court denied the Motion to Reconsider.

¶ 20    On November 18, 2025, the trial court entered an order titled "Final Order" that stated that defendant had filed an objection to plaintiff's November 14, 2025, voluntary dismissal of the remaining slander of title claim. The court denied defendant's objection that the voluntary dismissal was filed by an attorney, Persoon, who had not properly filed an appearance. The court found that "Persoon properly filed an additional appearance on behalf of Plaintiff on October 30, 2025." Next, defendant argued that plaintiff could not voluntarily dismiss a claim while dispositive motions were pending. The trial court overruled this objection because (1) the "pending Rule 2-1401 motion" on which defendant relied "is misplaced procedurally;" (2) defendant's motions to strike an unauthorized appearance and " 'Motion for Rule 13 enforcement,' " on which defendant also relied, were "mooted by Persoon's proper filing of his appearance;" and (3) defendant's " 'Motions challenging standing, jurisdiction, and fraudulent filings,' " are "too broad and vague a reference to be sustained." Defendant also asserted that his counterclaim was still pending. The court found this assertion not true "based on the Court's ***

summary judgment order and its November 18, 2025 order denying reconsideration." Finally, the court found that "defendant's remaining objections essentially accuse Plaintiff and its lawyers of fraud. These arguments rehash various arguments this Court has already reviewed and rejected." The trial court ordered that plaintiff's claim for slander of title is dismissed, and all of the claims in the case having been disposed, "this matter is hereby off call."

¶ 21 On November 21, 2025, defendant filed four additional pleadings titled as defendant's:

1. Verified Emergency Motion to Preserve Jurisdiction for Voidness Determination.

2. Verified Emergency Motion to Strike Attorney Michael Persoon's Appearance and Plaintiff's Voluntary Dismissal as Void Under Illinois Supreme Court Rule 13(c)(2).

3. Verified Supplement to Emergency Motion to Strike Attorney Michael Persoon's Appearance and Plaintiff's Voluntary Dismissal as Void (Illinois Supreme Court Rule 13(c)(2)).

4. Verified Emergency Motion to Vacate October 14, 2025 & November 18, 2025 Orders as Void and to Restore Counterclaims.

¶ 22 On November 26, 2025, the trial court entered a written order on defendant's appearance in court "having filed emergency motions that were not properly noticed for presentment." The court ordered that "[a]ny newly submitted motions are stricken as duplicative, as they are based on arguments already considered and rejected by this Court." The order then stated that "[t]hese include" defendant's November 21, 2025 motions.

¶ 23 On December 3, 2025, the trial court entered an order, "[w]ith [defendant] filing a Verified Emergency Motion to Vacate November 26, 2025 Order as Void." The court ordered that the motion failed to demonstrate a true emergency and ordered the notice of motion stricken. The court further ordered that the motion "shall be presented on Friday, December 12, 2025 at

10:00 a.m. without further notice." The next day defendant filed an objection to the December 3rd order and "Request for Immediate Hearing on Voidness Motions."

¶ 24    On December 15, 2025, the trial court entered an order "[w]ith [defendant] having filed a Verified Emergency Motion to Vacate November 26, 2025 Order as Void, as well as a Verified Objection to the December 3, 2025 Order and Request for Immediate Hearing on Voidness Motions." The court ordered: "These motions are STRICKEN as duplicative, relying on arguments already presented and rejected by this Court. The case remains disposed."

¶ 25    This appeal followed.

¶ 26                                  II. ANALYSIS

¶ 27                                  A. Jurisdiction

¶ 28    "[A]n appellate court has an independent duty to consider its own jurisdiction, whether or not the issue was raised by any of the parties. [Citations.]" *National Collegiate Student Loan Trust 2007-4 v. Phelps*, 2025 IL App (1st) 231783, ¶ 18. "Appellate jurisdiction is a question of law that we review *de novo*." (Internal quotation marks and citation omitted.) *In re Estate of Meyer*, 2024 IL App (4th) 230787, ¶ 11.

¶ 29    Defendant filed the Notice of Appeal on December 15, 2025, apparently without knowledge of the trial court's December 15, 2025 order, striking defendant's Verified Emergency Motion to Vacate November 26, 2025 Order as Void, because defendant's notice of appeal states that that motion remained pending at the time of filing the notice of appeal. A notice of appeal filed while a timely postjudgment motion remains pending is premature, and only becomes effective when the court rules on the postjudgment motion. *In re Estate of Jackson*, 2021 IL App (4th) 210167-U, ¶ 13 (citing Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017)).

¶ 30    The trial court's December 15, 2025 order stated that the Motion to Vacate November 26, 2025 Order was "stricken" and did not include the language, "with prejudice." Ordinarily, when a motion is "stricken," it remains pending in the trial court. *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 16. "Generally, an order striking a complaint or granting a motion to dismiss is not final and appealable unless it indicates it is 'with prejudice.' [Citation.] *** While this language is not essential to a determination of what constitutes a final and appealable order, the terms are indicative of the fact that plaintiff will not be allowed to plead over and that the litigation is terminated." (Emphasis added.) *O'Hara v. State Farm Mutual Automobile Insurance Co.*, 137 Ill. App. 3d 131, 133 (1985). That said, "an order striking a complaint or granting a motion to dismiss is *** appealable [if] it shows that a plaintiff will not be allowed to plead over and the litigation between the parties is terminated." *Zimmerman v. 1660 Condominium Ass'n*, 126 Ill. App. 3d 71, 73 (1984).

¶ 31    We find that defendant's motion to vacate can be construed as a postjudgment motion against the final judgment. The trial court's order not only stated that the motion to vacate was stricken it also stated that the motion was duplicative of prior motions or arguments the court had ruled on and that the case "remains disposed." We find that the trial court's December 15, 2025 order on the motion to vacate is a final order. The December 15th order is clear that defendant will not be allowed to plead over and that the litigation is terminated. *Zimmerman*, 126 Ill. App. 3d at 73. Therefore, defendant's notice of appeal became effective when the trial court entered the order on that motion—which was on the same day defendant filed the notice of appeal.

¶ 32    We have jurisdiction over defendant's appeal pursuant to Rule 303(a)(2).

¶ 33                          B. Standard of Review

¶ 34    This is an appeal from an order granting summary judgment on plaintiff's complaint to quiet title to the property and dismissing defendant's counterclaims.

"A circuit court is permitted to grant summary judgment only if the pleadings, depositions, and admissions on file—together with the affidavits, if any—show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. [Citation.] *** We review a circuit court's decision to grant a motion for summary judgment *de novo.* [Citation.]

Summary judgment is a drastic measure and should be granted only if the movant's right to judgment is clear and free from doubt. [Citation.] Mere speculation, conjecture, or guess, however, is insufficient to withstand summary judgment. [Citation.]" *Chicago Title Land Trust Co. as Trust to American National Bank & Trust Co. of Chicago v. Watkin as Trustee of Sara Watkin 2000 Revocable Trust*, 2025 IL App (1st) 241354, ¶¶ 14-15.

¶ 35    When reviewing a summary judgment, a ruling on a motion to reconsider the summary judgment "is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Robidoux v. Oliphant*, 201 Ill. 2d 324, 347 (2002). We also review the dismissal of defendant's counterclaims *de novo*. See *Joseph v. Chicago Transit Authority*, 306 Ill. App. 3d 927, 930 (1999).

¶ 36                                C. Summary Judgment

¶ 37    Defendant attacked the trial court's order granting summary judgment in favor of plaintiff on plaintiff's complaint to quiet title on multiple fronts.

¶ 38                                1. Plaintiff's Representation

¶ 39    Defendant argued that the trial court lacked jurisdiction to enter judgment in favor of plaintiff because plaintiff, a corporate entity, was not represented by counsel after July 16, 2025, allegedly the last date on which plaintiff's former counsel, Christopher Acuna, appeared in court. Plaintiff, by its attorney Acuna, filed its motion for summary judgment on July 24, 2025. Defendant argued that any orders the trial court entered when plaintiff did not appear in court are without jurisdiction because plaintiff was not represented by counsel. Defendant correctly noted that Attorney Acuna had not filed a motion to withdraw as counsel when plaintiff filed its motion for summary judgment. "A corporation must be represented by counsel in legal proceedings." *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 17. "[B]efore actual authority to represent a client ends '[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation ***." *Board of Managers of Eleventh Street Loftominium Ass'n v. McDonald Hopkins, LLC*, 2014 IL App (1st) 133912, ¶ 25 (quoting Restatement (Third) of Law Governing Lawyers, § 31(1) (2000))[2]. Based on our *de novo* review, we find that because Attorney Acuna had not filed a motion to withdraw, Attorney Acuna still represented plaintiff. *Id*. ¶ 26 ("we conclude that in this case, [counsel] did not cease to be attorney of record at the time it was discharged by its client, since it failed to properly file a motion to withdraw as attorney of record").

¶ 40    Defendant also argued that Illinois Supreme Court Rule 219(c) (eff. July 1, 2002) required the trial court to sanction plaintiff for its alleged "repeated failure to appear and comply with court-ordered deadlines." However, defendant failed to cite any discovery orders with which plaintiff failed to comply. If defendant intended to argue plaintiff should have been

---

[2]    "Rule 23's plain language restricts parties, and not courts, from citing unpublished cases prior to 2021." *Global Research Distribution, Inc. v. One Stop Mailing LLC*, 2025 IL App (3d) 240298, ¶ 27.

sanctioned for failing to comply with discovery orders, defendant forfeited that argument by failing to develop it. *In re Marriage of Heroy*, 385 Ill. App. 3d 640, 674 n1 (2008).

¶ 41    Next, defendant argued that the trial court granted summary judgment prior to ruling on defendant's motion to disqualify plaintiff's attorney. Defendant made this argument by claiming that "Illinois law is clear that a pending disqualification motion creates a threshold issue that must be resolved before substantive proceedings continue." Defendant cited two Illinois cases, neither of which support defendant's position. See *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 168 (1997), and *People v. Washington*, 101 Ill. 2d 104, 109 (1984). We also find that *In re Murchison*, 349 U.S. 133 (1955), which defendant also cited, is completely inapposite. Regardless, the record demonstrates that the trial court resolved the matter of Attorney Acuna's representation and the trial court denied defendant's motion to reconsider the order on that issue. Based on our review, defendant's argument is not supported in law or by the facts; accordingly, defendant's argument fails.

¶ 42    Defendant also attacked Attorney Persoon's appearance based on the trial court's striking an earlier appearance that Persoon filed which was unsigned. Defendant argued that "[t]here is no order in this record authorizing Persoon's appearance between the November 3 finding of no appearance and the November 14 voluntary dismissal." Defendant fails to acknowledge that on October 30, 2025, Attorney Persoon filed a signed appearance on behalf of plaintiff.

¶ 43    Based on our *de novo* review we find that plaintiff was properly represented by counsel at all relevant times in this proceeding. Defendant's arguments to the contrary fail.

¶ 44                                        2. Due Process

¶ 45     Defendant argued that the October 14, 2025 summary judgment is void because the trial court had previously stated that no ruling on the motions for summary judgment would be entered *until* November 30, 2025.

¶ 46     We find that defendant misconstrued the trial court's October 7, 2025 order as setting a date before which no ruling on the motions for summary judgment would be made. The cited order reads, in pertinent part, as follows:

> "7. Defendant Tony Cole's Verified Emergency Motion to Strike Unauthorized Appearance of Attorney Michael Persoon And to Sanction Counsel Under Supreme Court Rules 13(c) and 137 is stricken. The unsigned appearance of Attorney Persoon was previously stricken in another order. Other counsel has appeared in the case, and the Plaintiff continues to be represented. *** [T]his case remains set for a ruling on summary judgment. ***

> * * *

> 8. The ruling date deadline of November 30, 2025 on the parties' cross-motions for summary judgment shall stand."

¶ 47     The trial court's order did not state that the trial court would not rule on the motions for summary judgment before November 30, 2025. Rather, the court's order stated that the trial court would rule on the motions *before* November 30, 2025. The dictionary defines a "deadline" as "a date or time *before* which something must be done." (Emphasis added.) https://www.merriam-webster.com/dictionary/deadline (visited May 24, 2025). The trial court ruled on the motions before November 30, 2025. The order said nothing about how long before November 30, 2025, the court would or would not rule. Thus, based on our *de novo* review, defendant's argument that the trial court violated its own November 7, 2025 order also fails.

¶ 48    Defendant argued that he had no notice that the trial court intended to rule on the motions on October 14, and he was denied the opportunity to appear and present argument in violation of his right to due process. However, where the issues are fully briefed and presented to the court in a manner which allowed it to consider both motions in their entirety, "the process afforded the parties adequate procedural protections." *Wade v. Illinois Commerce Comm'n*, 2017 IL App (1st) 171230, ¶ 15. Therefore, we find that defendant's due process argument fails.

¶ 49    Defendant also argued that the trial court based its summary judgment order on plaintiff's "Final Master Statement" (the settlement statement attached to plaintiff's complaint) at a time when defendant's motion challenging the admissibility of that document was still pending.

> "We review a circuit court's decision to admit or exclude evidence for an abuse of discretion. [Citation.] A circuit court abuses its discretion only if it act[s] arbitrarily without the employment of conscientious judgment, exceed[s] the bounds of reason and ignore[s] recognized principles of law [citation] or if no reasonable person would take the position adopted by the court." (Internal quotation marks omitted.) *A.L. Dougherty Real Estate Management Co., LLC v. Su Chin Tsai*, 2017 IL App (1st) 161949, ¶ 32.

¶ 50    Defendant cited one case, *Robidoux*, 201 Ill. 2d at 325, and argued that the settlement statement "cannot constitute competent summary judgment evidence under Illinois Supreme Court Rule 191(a)." Defendant is wrong. "When ruling on a motion for summary judgment, the court may *** consider evidence which is admissible at trial." *Furniss v. Rennick*, 286 Ill. App. 3d 318, 320 (1997). Moreover, Rule 191(a) does not address the admissibility of documentary evidence; and *Robidoux* does not stand for the proposition defendant contended. *Robidoux* addressed the "attached-papers requirement" in Rule 191(a). *Robidoux*, 201 Ill. 2d at 344; Ill. S.

- 17 -

Ct. R. 191(a) (eff. Jan. 4, 2013) ("Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; *** [and] shall have attached thereto sworn or certified copies of all documents upon which the affiant relies.").

¶ 51    The trial court properly relied, in part, on the settlement statement. The Illinois Rules of Evidence provide as follows:

"(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of Witness With Knowledge. Testimony that a matter is what it is claimed to be." Ill. R. Evid. 901 (eff. Sep. 17, 2019).

¶ 52    The trial court relied on the statements in plaintiff's motion for summary judgment and its representative's, Joseph Faulkner, verified affidavit attached thereto that the statement was authentic when it considered the settlement statement. We do not find that no reasonable person would find that the affidavit and statements in the motion were sufficient to find that the documents were what plaintiff claimed.

¶ 53    Furthermore, the trial court did not fail to address defendant's challenge to the settlement statement. The trial court denied defendant's motion as "premature and procedurally improper" but stated that "Defendant may assert objections to the use and admissibility of these documents at trial." On August 14, 2025, defendant filed a motion to reconsider. On November 18, 2025, the trial court denied defendant's motion to reconsider. The trial court's order on defendant's

motion to reconsider stated that the trial court had "already heard argument on and resolved [this] issue in open Court with the parties present on July 16, 2025." Defendant did not cite a transcript of that proceeding. "Any doubts or deficiencies arising from an incomplete record will be construed against the appellant." *Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 31. In the absence of a complete record, "we will presume that the trial court's judgment was in conformity with the law and with sufficient factual basis." *BMO Harris Bank, N.A. v. Porter*, 2018 IL App (1st) 171308, ¶ 50. Therefore, the record before this court supports finding that the trial court did consider the substantive admissibility of the settlement statement and properly found that the statement was admissible evidence.

¶ 54    Next, defendant argued that Attorney Acuna submitted the settlement statement without disclosing to the trial court that defendant challenged the validity of that document in his federal lawsuit against plaintiff. However, defendant's arguments revealed that he brought the information about defendant's lawsuit in federal court to the trial court's attention when defendant filed his "Verified Motion for Reconsideration and Disqualification of Attorney Christopher Acuna." We also note that contrary to defendant's argument on appeal, the trial court addressed that motion.

¶ 55    Next, defendant argued that the trial court erred in granting summary judgment in favor of plaintiff because written discovery had not been completed.

¶ 56    First, defendant argued that on April 8, 2025, he filed a motion to deem certain facts admitted due to plaintiff's failure to respond to defendant's requests to admit. Ill. S. Ct. R. 216(c) (eff. July 1, 2014), *Schwalb v. Wood*, 288 Ill. App. 3d 498, 501 (1997) ("According to Supreme Court Rule 216(c), a fact is deemed admitted unless the party to whom the request to admit was directed responds with a sworn statement or written objection within 28 days. 134 Ill. 2d R.

216(c).”). Defendant argued the trial court never ruled on his motion; therefore, the court erred in granting summary judgment because it deprived defendant of “a meaningful opportunity to have those discovery issues adjudicated before judgment,” which is an abuse of the trial court’s discretion. This argument fails.

¶ 57    We find that the trial court addressed any issues with regard to written discovery in its June 18, 2025 order that directed the parties to confer on completing written discovery and instructed the parties on filing any motions to compel. See Ill. S. Ct. R. 201(k) (eff. Mar. 17, 2023) (“Every motion with respect to discovery shall incorporate a statement that counsel responsible for trial of the case after personal consultation and reasonable attempts to resolve differences have been unable to reach an accord ***.”). “Rule 183 vests the circuit court with discretion to allow a party to serve a response to requests to admit after the expiration of the 28-day period specified in Rule 216.” *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 343 (2007). However, “a circuit court’s discretion to permit a late response ‘does not come into play under the rule unless the responding party can first show good cause for the extension.’ ” *Vision Point of Sale, Inc.*, 226 Ill. 2d at 344. The trial court’s June 18, 2025 order stated that the trial court entered the order following a hearing at which defendant and plaintiff were present. Defendant did not cite a record of those proceedings and did not provide a bystander’s report of the hearing. Therefore, we presume that plaintiff established good cause for any late response to defendant’s requests to admit. *Porter*, 2018 IL App (1st) 171308, ¶ 50.

¶ 58    Furthermore, the “facts” defendant sought to deem admitted were legal questions that the trial court resolved or facts the court found immaterial. Based on the trial court’s findings, defendant cannot demonstrate prejudice from any failure to rule on his motion to deem facts admitted. “The burden is on the party seeking reversal to establish prejudice.” *Central Illinois*

*Electrical Services, L.L.C. v. Slepian*, 358 Ill. App. 3d 545, 550 (2005); *In re Marriage of Hofstetter*, 102 Ill. App. 3d 392, 396 (1981) ("The party asserting error must demonstrate to the court that prejudice resulted."). Therefore, defendant's argument that the trial court erroneously granted summary judgment in favor of plaintiff while defendant's discovery motion was pending fails. *Id.*

¶ 59     Second, defendant argued that on June 18, 2025, the trial court also ordered that depositions could not be taken until written discovery was complete. Defendant argued that no depositions were ever taken and the "Rule 201(k) conference was never documented as completed;" and, therefore, the trial court "prevented" defendant from completing depositions. Defendant filed an Emergency Motion for Protective Order and to Stay Deposition, which the trial court granted. The court ordered that defendant would not be required to sit for a deposition until written discovery was completed and ordered that "motions to compel written discovery responses shall be filed no later than 28 days after the date of this order or will be deemed waived." "A party may not ask a court to proceed in a given manner and then assign as error on appeal the ruling which he procured." *Miller v. Bloomberg*, 126 Ill. App. 3d 332, 336 (1984). Defendant did not cite to or argue that he filed any motions to compel written discovery. Pursuant to the trial court's order defendant waived any issues regarding written discovery in the trial court; and defendant forfeited any contrary argument in this court by failing to support it with an adequate record demonstrating his compliance with the court's order. Based on the record before this court, defendant cannot now complain that no depositions occurred due to defendant's inaction. *Id*. We find that defendant's argument fails as a matter of law.

¶ 60     Third, defendant argued that when the trial court entered summary judgment it "had not received the submissions it needed under its own schedule." Defendant does not identify what

submissions the court needed. This argument is forfeited. *Schroeder v. Sullivan*, 2018 IL App (1st) 163210, ¶ 42 ("Where an argument is devoid of support in the record, it is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016)"). Defendant separately argued that summary judgment was inappropriate because certain documentation was missing from the sale of the property to plaintiff. Defendant merely listed documents that may be generated in a sale of property (a real estate transfer tax declaration, a title insurance policy, and bank or mortgage statements). However, defendant cited no legal authority that this additional documentation was required to establish plaintiff's quiet title claim. This argument is also forfeited. *Wood*, 2021 IL App (1st) 200687, ¶ 55 (citing *Wilmington Savings Fund Society, FSB v. Zarkhin*, 2019 IL App (2d) 180439, ¶ 38; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)).

¶ 61                          3. Proceedings on Summary Judgment

¶ 62    We reject defendant's argument that the trial court erred in entering summary judgment in favor of plaintiff because plaintiff did not file a response to defendant's motion for summary judgment. Defendant does not cite any legal authority in support of this claim. Defendant does not argue that a response to his motion was legally required. Defendant has forfeited this argument. *Wood*, 2021 IL App (1st) 200687, ¶ 55.

¶ 63    Defendant argued that the trial court denied his right to due process by not conducting a hearing on the motion for summary judgment. This court has recognized that " '[o]ral argument in a civil proceeding tried, as here, by the court without a jury is a privilege, not a right, and is accorded to the parties by the court in its discretion.' " *US Bank, National Ass'n v. Popovytch*, 2021 IL App (1st) 200541-U, ¶ 23 (quoting *Parkway Bank & Trust Co. v. Meseljevic*, 406 Ill. App. 3d 435, 441 (2010)). In *Popovytch*, this court found that where "the [trial] court ruled after considering the parties' written briefs" and the court did not merely default the defendant

because they were not present for the hearing, the defendant "had meaningful involvement in the *** suit" and that the defendant's due process argument based on not participating in the hearing on the motion for summary judgment failed. *Id.* ¶ 28. In this case, defendant did not contend that there was a hearing or that he did not receive notice of a hearing. Defendant only complained that there was no hearing at all. However, this court found that it is proper for the trial court to determine, in its discretion, that no oral argument on the motions for summary judgment was necessary. *Id.* ¶ 23 (citing *Korbelik v. Staschke*, 232 Ill. App. 3d 114, 118 (1992)). Nor did defendant contend that the issues were not fully briefed. Based on our *de novo* review of the record, defendant's argument fails.

¶ 64    Defendant also argued that the trial court erred in granting summary judgment in favor of plaintiff because plaintiff failed to file an affidavit pursuant to Illinois Supreme Court Rule 191(a). Plaintiff's motion for summary judgment was supported by the verified affidavit of Joseph Faulkner. Faulkner averred to personal knowledge of the facts set forth in the affidavit as plaintiff's representative. Defendant complained that Faulkner failed to submit documentation of his authority to act on plaintiff's behalf. Defendant argued this is a "procedural deficiency that infected the October 14 summary judgment order." Defendant's brief did not assert what "documentation" Faulkner was required to produce to validate his authority to act as plaintiff's agent. Defendant's only cited authority, *Eychaner v. Gross*, 202 Ill. 2d 228, 247 (2002), provides no guidance or support. The decision in *Eychaner* involved a question of the formation of a charitable trust. See *Eychaner*, 202 Ill. 2d at 273. We find that there is no procedural deficiency in plaintiff's supporting affidavit.

¶ 65    Defendant also argued that plaintiff made certain admissions that should have precluded summary judgment. Defendant argued that plaintiff's admissions contradicted defendant's

allegations; but the contradictions defendant claimed did not establish a genuine dispute of *material* fact to the claims at issue in this case. Rather, the alleged admissions were legal questions, or facts the trial court properly found immaterial. Defendant did not address the trial court's immateriality findings resulting in forfeiture of that argument on appeal. Regardless, we agree with the trial court's findings. Furthermore, any "admissions" by the parties on questions of law were not binding on the court. *1550 MP Rd. LLC v. Teamsters Local Union No. 700*, 2019 IL 123046, ¶ 37 ("It is well established that legal issues cannot be judicially admitted and, instead, are questions for the court to decide."). Regardless, we find that the trial court properly resolved the legal issues raised by the alleged admissions, particularly the construction of the parties' agreement. Therefore, we find that this argument fails.

¶ 66     Based on this court's findings, if the trial court failed to rule on defendant's motion to deem certain facts admitted, as defendant claimed on appeal, defendant suffered no prejudice. "The burden is on the party seeking reversal to establish prejudice." *Central Illinois Electrical Services, L.L.C.*, 358 Ill. App. 3d at 550; *In re Marriage of Hofstetter*, 102 Ill. App. 3d at 396 ("The party asserting error must demonstrate to the court that prejudice resulted."). Therefore, defendant's argument that the trial court failed to rule on the motion, thereby precluding summary judgment, fails.

¶ 67     We also find that the trial court did not improperly weigh the evidence and did not make credibility determinations in construing the lease agreement. The trial court found the agreement unambiguous. We agree. "Illinois courts follow the four corners doctrine when interpreting contracts, looking primarily to the language of the contract to determine whether it is susceptible to more than one meaning. [Citation.] Contract language that is facially unambiguous is interpreted without the use of parol evidence, as a matter of law." *Nebel, Inc. v. Mid-City*

*National Bank of Chicago*, 329 Ill. App. 3d 957, 967-68 (2002), *Archon Construction Co., Inc. v. U.S. Shelter, L.L.C.*, 2017 IL App (1st) 153409, ¶ 27 ("the circuit court's decision did not involve any weighing of evidence or credibility determinations and was based solely on the trial court's construction of the parties' contract.").

¶ 68    For the foregoing reasons, we reject defendant's arguments attacking the trial court's proceedings on the summary judgment motions.

¶ 69                            D. Appellate Court Mandate

¶ 70    Defendant argued that when this court recalled the mandate in appeal number 1-24-1467 the "finality of the eviction orders was suspended" and those "orders were no longer final;" therefore, the "foundation for Plaintiff's possession claim in the quiet title case" was "suspended." Defendant argued that the trial court did not have jurisdiction to enter summary judgment on plaintiff's action to quiet title while jurisdiction over the eviction orders was revested in the appellate court. Defendant misstates the law. Regardless, defendant failed to support this argument with appropriate legal authority. Therefore, this argument is forfeited. *Wood*, 2021 IL App (1st) 200687, ¶ 55.

¶ 71                            E. Defendant's Counterclaims

¶ 72    Next, defendant argued that the trial court erred in dismissing all defendant's counterclaims *sua sponte*. Defendant argued that "Illinois law is unambiguous that a circuit court may not *sua sponte* dismiss claims with prejudice without prior notice to the parties and an opportunity to be heard." The trial court did not *sua sponte* dismiss defendant's counterclaims. The trial court's judgment states: "The Court understands Defendant to be moving for summary judgment on Plaintiff's claims and on his Counterclaims ***." Defendant did not address that

finding in the trial court's judgment. We find that the record refutes defendant's argument that the trial court dismissed his counterclaims *sua sponte*.

¶ 73    Defendant also argued that the trial court had previously determined that defendant's counterclaims stated legally cognizable claims and that determination was "the law of the case." Defendant argued that it was improper to subsequently dismiss those same claims without any new evidence or change in the law. Defendant's sole legal authority in support of this argument was *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Defendant did not explain how the decision in *Lyles* applies in this situation, nor can we discern any applicability of that decision to this case. Defendant's argument is forfeited due to defendant's failure to present a fully developed argument supported by legal authority and analysis. *Wood*, 2021 IL App (1st) 200687, ¶ 55.

¶ 74    Forfeiture aside, defendant's argument that the trial court's prior judgment that defendant stated legally cognizable counterclaims precluded the court from later dismissing those counterclaims is erroneous. The denial of a motion to dismiss is an interlocutory order that may be revised prior to final judgment. *Brandon v. Bonell*, 368 Ill. App. 3d 492, 502 (2006). This court has found that the trial court properly granted summary judgment based on affirmative defenses to the complaint raised in a motion to dismiss where "the record does not show that the trial court reached the merits when it denied [the] motion to dismiss" and "additional evidence, which was not available when the trial court denied [the] motion to dismiss, was available when the trial court granted *** summary judgment." *Makowski v. City of Naperville*, 249 Ill. App. 3d 110, 118-19 (1993). The trial court dismissed defendant's counterclaims based on facts adduced during the proceedings and an application of those facts to the law.

¶ 75    Alternatively, defendant argued that the trial court's substantive analysis of the counterclaims was erroneous and should be reversed. Defendant attempted to relitigate the trial

court's interpretation of the parties' agreement and to recast the alleged oral agreement as a separate agreement from the lease agreement; evidence of which, defendant argued, is not barred by the parol evidence rule. Defendant argued that the trial court erred in applying the parol evidence rule because his alleged oral purchase agreement did not "contradict" the written lease but was "a separate, independent agreement covering a different subject matter: the ultimate transfer of title."

> "The mere fact that an oral agreement is contemporaneous with a written one does not necessarily involve the conclusion that they are part of the same contract, and the fact that the parties have a written contract on a subject does not prevent them from entering into other agreements relating to the same general subject matter. Two entirely distinct contracts, each for a separate consideration, may be made at the same time and will be entirely distinct legally. Accordingly, it has been held that the parol evidence rule does not exclude parol proof of a contemporaneous oral contract that is independent of, collateral to, and not inconsistent with the written contract even though it relates to the same general subject matter and grows out of the same transaction." § 33:27. Distinct contemporaneous oral and written agreements, 11 Williston on Contracts § 33:27 (4th ed.).

¶ 76     The alleged oral agreement in this case was not independent of, collateral to, or not inconsistent with, the parties' written lease agreement. Defendant's factual allegations concerning the alleged "oral purchase agreement" were not "entirely distinct" from the written lease agreement. As stated above, defendant consistently referred to the written agreement as a "lease-to-own agreement." Nor did defendant argue any separate consideration. To the contrary,

defendant argued the exact same consideration for both "agreements." We find that the parties'

agreement was a lease agreement, not a purchase agreement or a "lease-to-own" agreement. The

evidence and defendant's arguments refute the existence of an entirely distinct oral agreement.

*Id*. We also agree that the former owner's contrary comment in response to a discovery question

was not controlling of this interpretation. *Sperl v. Henry*, 2018 IL 123132, ¶ 36 (quoting *inter

alia Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 47). Defendant's

argument that the trial court erred in dismissing defendant's counterclaim for breach of contract

fails as a matter of law.

¶ 77     Defendant's arguments otherwise failed to address the bases of the trial court's judgment.

"It is the burden of the *** appellant[] to affirmatively show error from the record on appeal."

*Redlin v. Village of Hanover Park*, 278 Ill. App. 3d 183, 193 (1996). Defendant did not

demonstrate error in the trial court's judgment dismissing defendant's remaining counterclaims,

resulting in forfeiture of defendant's remaining arguments on appeal. *Northern League of

Professional Baseball Teams v. Gozdecki, Del Giudice, Americus & Farkas, LLP*, 2018 IL App

(1st) 172407, ¶ 62 ("This court 'will not sift through the record or complete legal research' to

support an argument, and issues that are 'insufficiently presented do not satisfy the rule[s] and

are considered waived.' [Citation.]"). Furthermore, we find no legal error in the trial court's

analyses.

¶ 78                                    F. Voluntary Dismissal

¶ 79     Defendant argued that Attorney Persoon did not have an appearance on file when he filed

the November 14, 2025 voluntary dismissal; therefore, that filing is a nullity. Defendant further

argued that because the voluntary dismissal is a nullity, the October 14, 2025 judgment never

became a final order. In support of his argument defendant relied on the trial court's November

3, 2025 order. The order stated that the matter came before the court on October 31, 2025. The trial court wrote that defendant "correctly not[ed] that Persoon had not timely filed an appearance that appeared on the court docket." Defendant omitted that the court then wrote, "Attorney Persoon stated that he filed the appearance last night and had not yet received a file-stamped copy." Due to the lack of a properly docketed appearance by Attorney Persoon, the court took defendant's motions under advisement and set the matter for further status on November 17, 2025. The court did not find that Attorney Persoon did not have an appearance on file, only that it did not appear on the docket. Further, as stated above, on October 30, 2025, Attorney Michael Persoon filed a signed appearance on behalf of plaintiff. The record before this court refutes defendant's argument that the voluntary dismissal was filed without an appearance on file. This argument fails.

¶ 80    Finally, having found no individual error, we find no "structural error" in the pattern of the proceedings on this case. *Addis v. Exelon Generation Co., L.L.C.*, 378 Ill. App. 3d 781, 795 (2007) ("Plaintiff argues that the cumulative effect of the above errors violated plaintiff's right to a fair trial. We disagree because we find no errors based on plaintiff's above contentions.").

¶ 81    On April 30, 2025, defendant filed a motion to take this appeal on the record and appellant's brief only. We ordered that motion taken with the case. We now grant the motion, and defendant's appeal is taken on the record and appellant's brief only.

¶ 82                                III. CONCLUSION

¶ 83    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 84    Affirmed.